# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ZENAIDA SOUTHERLAND,**

        **Plaintiff,**

-vs-                                                      Case No. 6:09-cv-916-Orl-31DAB

**LCM INVESTMENTS, INC., DELTA
DRIVERS SERVICE, INC., and AVIS
BUDGET GROUP, INC.,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS (Doc. No. 45)**
>
> **FILED:**      **January 12, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    According to the motion and the joint supplement (Doc. No. 48), this is an action filed under the Fair Labor Standards Act ("FLSA"), in which Plaintiffs sought recovery for overtime allegedly due and owing to them. Defendant Avis Budget denied Plaintiffs' allegations, denied that it employed Plaintiffs, and disputed Plaintiffs' entitlement to overtime and the validity of their claims. Plaintiffs and Avis Budget have stipulated in their papers that Plaintiffs were employees of [co-Defendants] Delta Drivers Service, Inc. and/or LCM Investments, Inc., former drive service vendors for Avis

Budget. Although the parties agree that "Plaintiffs were at all times hired, employed and paid by these now defunct drive service vendors,"[1] the parties disputed whether Avis Budget was a "joint" employer (Doc. No. 48). The remaining parties reached a settlement which provides that each Plaintiff is to receive 100% of alleged back wages ($26,778.70), with no recovery for liquidated damages, and counsel for Plaintiffs is to receive $8,270 in attorney's fees and costs. The Court finds these sums to be fair and reasonable, and **recommends** that the Court approve the settlement, and dismiss the case.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

---

[1] Neither Delta Drivers Service, Inc. nor LCM Investments, Inc. has appeared in this litigation. The Court denied a motion for entry of clerk's default, without prejudice, for lack of acceptable service (Doc. No. 27).

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

As evident, the critical issue in this case was the identity of the employer. Plaintiffs had the burden of proving that even though other companies hired, employed and paid them, Avis Budget was, in fact, a joint employer. Given Avis Budget's position that it was not the employer, and in view of the defunct status of the co-defendants, the compromise of full overtime damages in exchange for foregoing liquidated damages (entitlement to which was debatable in any event on these facts) was reasonable.

As for attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). Here, the parties have stipulated to an amount of $8,270.00 for fees and costs; an amount which both sides stipulate as reasonable and Plaintiffs' counsel represents is a compromise of actual fees and costs expended. Upon review, the Court finds no objection to such an amount.

Plaintiffs' counsel (2 attorneys and three paralegals) represented 14 Plaintiffs in this action (Doc. No. 46). As is clear from the time sheets attached to the supplement (Doc. No. 48-1), work specific to each individual Plaintiff was necessarily incurred. The total of 46.2 hours is not unreasonable, considering the amount of Plaintiffs and the work at hand. Costs of $550 were also necessarily incurred.

For the foregoing reasons, the Court finds the settlement to be a fair and reasonable resolution of a bona fide dispute, and **recommends** that the motion be **granted**, the settlement be **approved, and the case be dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 28, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy